IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2021 SEP 16  A 9:53

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

TERRY PERRY,

    PLAINTIFF,

VS.                                  CV NO.: 2:21-cv-619

MCDONALD CONSTRUCTION
COMPANY, INC.,

    DEFENDANT.

## COMPLAINT

### I. JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq*. (Title VII) and 42 U.S.C. § 1981. The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII and 42 U.S.C. § 1981 providing for injunctive and other relief against race discrimination.

2.    Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II. PARTIES

3. Plaintiff, Terry Perry, (hereinafter "Plaintiff") is a resident of Montgomery, Montgomery County, Alabama, and performed work for the Defendant in the counties composing the Middle District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Middle District, Northern Division.

4. Defendant McDonald Construction Company, Inc., (hereinafter "Defendant") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama. Defendant is an entity subject to suit under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981. Defendant employed at least fifteen (15) persons during the current or preceding calendar year. Therefore, this Court has personal jurisdiction over Defendant.

## III. STATEMENT OF FACTS

5. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 4 above.

6. Plaintiff is a Black male.

7. Defendant hired Plaintiff on or about August 2015.

8. Defendant employed Plaintiff as an Operator/Grounder.

9. As part of his job duties, Plaintiff operated heavy machinery for laying pipe and dirt grading.

10. Defendant employed Michael Ware.

11. Ware is a white male.

12. During Plaintiff's employment, Defendant assigned Michael Ware to work as the supervisor over Plaintiff.

13. Defendant contends that Ware did not supervise Plaintiff's employment.

14. The majority of employees working under Ware's supervision are Black.

15. In Plaintiff's presence, Ware stated he was trying to bring in his white friends to "get rid of you Black motherfuckers."

16. In Plaintiff's presence, Ware stated that the Black employees were "Black motherfuckers."

17. Sometime during the week of October 12, 2020, Ware informed Plaintiff that they were going to be shorthanded at Defendant's Greenville site on Saturday, October 17, 2020.

18. During this discussion Ware informed Plaintiff that if he would come work on October 17, 2020, then the company would provide Plaintiff with gas.

19. Plaintiff agreed to work on Saturday, October 17, 2020.

20. When Plaintiff arrived on the site in Greenville that morning no one else was present.

21. Pursuant to company policy, Plaintiff notified Defendant's Daniel Spann, via text message, that no one was present at the Greenville worksite.

22. On the morning of October 20, 2020, Plaintiff approached Ware about receiving gas money for coming to the site the previous Saturday as promised.

23. Ware said that he would "take care of it later."

24. On the afternoon of October 20, 2020, Plaintiff observed Ware beginning to pack up for the evening.

25. Plaintiff again approached Ware about having his tank topped off.

26. Plaintiff informed Ware that he would not have enough gas to come back to work the next day if he was not topped off.

27. Ware instructed Plaintiff to "Talk to Daniel."

28. Plaintiff contacted Spann about getting gas money.

29. Spann told Plaintiff to have Ware go to the gas station and fill up Plaintiff's tank with the company gas card.

30. Ware started a verbal altercation with Plaintiff.

31. Ware stated that "Black motherfuckers always think you owe them something."

32. Ware stated "I'm not giving you shit! Fuck you, Daniel, and whomever else!"

33. Ware also attempted to start a physical fight with Plaintiff.

34. When Plaintiff backed away, Ware pulled down his pants and told Plaintiff to "suck my cock you Black motherfucker."

35. Defendant contended that "**both**, Mr. Perry and Mr. Ware, exchanged verbal request of butt kissing, which prompted **both** parties to drop their pants. The request then escalated to each party requesting the other to perform oral sex acts on them with each of them dropping their pants again." (emphasis added).

36. Ware then pulled out a pocketknife and stated Plaintiff was "going to die there that day, you Black motherfucker."

37. Defendant falsely contended that Plaintiff drove his vehicle towards Ware to prevent him from driving his car away from the scene.

38. Ware then terminated Plaintiff's employment with Defendant.

39. Defendant did not terminate Ware.

40. Shortly thereafter, Defendant replaced Plaintiff with a white male.

### IV. COUNT ONE – Title VII – RACE DISCRIMINATION - Termination.

41. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 40 above.

42. Plaintiff is a Black male.

43. Defendant hired Plaintiff on or about August 2015.

44. Defendant terminated Plaintiff on October 19, 2020.

45. Shortly thereafter, Defendant replaced Plaintiff with a white male.

46. In violation of Title VII, Defendant terminated Plaintiff's employment for a workplace dispute, in which Plaintiff retreated, but Defendant did not terminate the employment of a white employee, Michael Ware, that engaged in similar alleged misconduct.

47. In violation of Title VII, Defendant's decision to terminate Plaintiff was motivated, in whole or in part, because of his race.

48. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay, benefits, and, mental anguish.

## V. COUNT TWO - Race – 42 U.S.C. § 1981

49. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 48 above.

50. Plaintiff is a Black male.

51. Defendant hired Plaintiff on or about August 2015.

52. Defendant terminated Plaintiff on October 19, 2020.

53. Shortly thereafter, Defendant replaced Plaintiff with a white male.

54. In violation of 42 U.S.C. § 1981, Defendant terminated Plaintiff's employment for a workplace dispute, in which Plaintiff retreated, but Defendant did

not terminate the employment of a white employee, Michael Ware, that engaged in similar alleged misconduct.

55. In violation of 42 U.S.C. § 1981, but for Plaintiff's race, Defendant would not have terminated Plaintiff and retained Ware.

56. As a result of Defendant's violation of 42 U.S.C. § 1981, Plaintiff has been damaged, suffering loss of pay, benefits, and mental anguish.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981;

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C. Award back pay, together with employment benefits, front pay, compensatory damages; punitive damages; special damages; nominal damages;

D. Attorneys' fees and costs;

E.   Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. § 1981a that the actions of Defendant violated the law; and,

F.   Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

/s/ Allen D. Arnold
Allen D. Arnold

**OF COUNSEL:**

ALLEN D. ARNOLD, Attorney at Law
6 Office Park Circle, Suite 209
Birmingham, AL 35223
T: (205) 252-1550
F: (205) 502-4476
ada@allenarnoldlaw.com


**DEFENDANT'S ADDRESS:**
McDonald Construction, Inc.
c/o Delia McDonald
10790 Highway 82
Union Springs, AL 36089